IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELICA ECHEVARRIA | : | |
|     Plaintiff, | | |
| | | CIVIL ACTION |
| v. | : | NO. 14-2411 |
| | | |
| SCHINDLER ELEVATOR | | |
| CORP. and  SCHINDLER | : | |
| ENTERPRISES, INC. | | |
|     Defendants. | | |

**MEMORANDUM**

**Jones, II   J.**                                                                                              **January 26, 2015**

    **I.**     **INTRODUCTION**

Plaintiff commenced a suit against Defendants in the Philadelphia Court of Common Pleas for injuries she allegedly sustained while entering an elevator on Defendants' premises. Defendants removed the action to this Court on the basis of diversity jurisdiction, claiming that although Plaintiff's state court demand was for damages "not in excess of $50,000," she could recover more than that if the matter results in an arbitration appeal.  Defendants further claimed removal was appropriate because of Plaintiff's refusal to sign a stipulation capping damages at $75,000.  Upon removal, Plaintiff filed the instant Motion for Remand.

For the reasons set forth hereinbelow, Plaintiff's Motion shall be granted.

    **II.**     **FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff alleges that on or about July 18, 2012, she was caught and pinned by elevator doors closing on her in the middle elevator on the fourth floor of Defendants' premises. (Compl. ¶ 6.) As a result of this incident, Plaintiff alleges she suffered "severe and permanent bodily

1

injury" and seeks to hold Defendants liable under various theories of negligence. (Compl. ¶¶ 7, 10.) On April 4, 2014, Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas. However, Defendants removed same on April 25, 2014, claiming diversity jurisdiction. (Removal Notice ¶¶ 2-4, 8.) On July 7, 2014, Plaintiff filed the instant Motion to Remand. (Mot. Remand, 1). Diversity of citizenship is not disputed: Plaintiff is a citizen and resident of Pennsylvania, while Defendants are incorporated in Delaware with their principal place of business in New Jersey.[1] (Compl. ¶ 1; Removal Notice, ¶ 3.)  Instead, the issue at bar is amount in controversy.

Although Plaintiff notes that she would "demand[] a jury trial in an amount in excess of $50,000" if an arbitration decision is appealed at the state level, her prayers for relief demand judgment "not in excess of $50,000, plus all reasonable costs and any other relief the court deems necessary." (Compl. ¶¶ 8, 15, 22, 24.) Defendants offered a stipulation to cap damages at $75,000 and Plaintiff refused to sign same. (Removal Notice, Ex. B; Pl.'s Remand Br. n.2.)

Plaintiff's Complaint sets forth general and specific allegations of injury. She alleges in pertinent part that she suffered "various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: arm and shoulder contusion; neck sprains and strains, and any other ills, injuries, all to plaintiff's great loss and detriment." (Compl. ¶ 11.) Plaintiff further claims that she has suffered "great financial detriment," and has, is, and "may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time." (Compl.¶ 12.)  Plaintiff alleges that she suffered emotional and physical

---

[1] Plaintiff does allege in her Complaint that Defendant is a corporation doing business in Pennsylvania, but from Defendant's Removal Notice, Answer, and Plaintiff's briefing on her Motion to Remand, diversity of citizenship is not disputed. (Pl.'s Remand Br. 2.)

injuries, and as a result "may in the future undergo a great loss of earnings and/or earning capacity." (Compl. ¶¶ 13-14.) Finally, Plaintiff alleges she has incurred or will incur "medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed." (Compl. ¶ 15.)

### III. DISCUSSION

#### A. Diversity Jurisdiction

"Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C.A. § 1441(a). Section 1446 clarifies that removal is accomplished by filing a Notice of Removal in the appropriate U.S. District Court within 30 days of receipt of the original pleading by defendant. 28 U.S.C. § 1446 (a), (b). That notice must contain a short and plain statement of the grounds for removal. *Id.* In cases in which subject-matter jurisdiction is lacking, remand is appropriate. 28 U.S.C. § 1447(c). "[R]emoval thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

The United States District Courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Under 28 U.S.C. § 1332(a), this Court has subject-matter jurisdiction if the controversy is (1) between citizens of different states; and (2) the amount in controversy exceeds $75,000, because in such instances, diversity jurisdiction exists. 28 U.S.C. § 1332(a). The amount in controversy requirement is significant "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes." *Exxon Mobil*, 545 U.S. at 552. The amount in controversy applies to both removed cases and those originally filed in federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir.

2004). When assessing the propriety of removal, "all doubts [should be] resolved in favor of remand." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).

### B.      Burden of Proof

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63, standardized how courts evaluate the amount in controversy requirement for removal actions.[2]  This provision, codified at 28 U.S.C. § 1446(c)(2), states that the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).[3]  If the initial pleading seeks "nonmonetary relief" or "the State practice does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "removal of the action is proper . . . if the district court finds, by a *preponderance of the evidence*, that the amount in controversy exceeds [$75,000]." *Id.* (emphasis added).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett*, 357 F.3d at 396 (citing *Packard v. Provident National Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Because Defendants removed this case to federal court, they bear the burden of establishing jurisdiction. *Samuel-Bassett*, 357 F.3d at 396.

---

[2] S*ee Heffner v. LifeStar Response of N.J.*, Civ. No. 13-0194, 2013 U.S. Dist. LEXIS 139176, at *10 (E.D. Pa. Sept. 13, 2013) (discussing Federal Courts Jurisdiction and Venue Clarification Act); *Frank Bryan, Inc. v. CSX Transp., Inc.*, Civ. No. 13-363, 2013 U.S. Dist. LEXIS 54300, at *5 (W.D. Pa. Apr. 15, 2013) (same).

[3] Said provision applies to all cases filed after January 6, 2012.

**C.     Analysis**

This Court's determination of the amount in controversy "must be based on the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (internal quotations omitted). "The *ad damnum* clause in the complaint is often a convenient and customary reference point to ascertain the amount in controversy." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.1993).  As mentioned above, in determining the rights being litigated, this Court is "required to apply state law in converting the categories to monetary sums." *Samuel-Bassett*, 357 F.3d at 398; *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352–53 (1961) ("[T]he value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards, although the federal courts must, of course, look to state law to determine the nature  and extent of the right to be enforced in a diversity case.").

Three issues lay at the heart of this particular removal dispute:

(1)     Allegedly conflicting demands by Plaintiff: *ad damnum* clauses limiting her demand to an "amount not in excess of $50,000" as compared to Paragraph 8 of the Complaint, which demands an amount "in excess of $50,000" if arbitration is appealed (Compl. ¶¶ 8, 15, 22, 24);

(2)     Plaintiff's refusal to sign a stipulation capping damages (Removal Notice, ¶¶ 5-7); and

(3)     The nature of Plaintiff's injuries: "only injuries being claimed are soft tissue injuries including an arm and shoulder contusion and a neck strain and sprain." (Pl.'s Remand Br., 6).

This Court will assess each in turn.

### 1. Conflicting Representations within Plaintiff's Complaint

Plaintiff's Complaint contains alternative demands. Defendants make issue of the fact that although Plaintiff's *ad damnum* clauses demand an amount "not in excess of $50,000," she also indicates that she would demand a jury trial in excess of $50,000 if the arbitration decision is appealed. (Compl. ¶ 8.)

Any perceived contradiction between Plaintiff's actual demand of not more than $50,000 and her indication that a potential arbitration appeal could result in damages above $50,000, is of no consequence to this Court's analysis of the amount in controversy. *See Coates v. Nationwide Ins. Co.*, Civ. No. 12-4031, 2012 U.S. Dist. LEXIS 132305, at *13-14 (E.D. Pa. Sept. 14, 2012) ("[T]he rule requiring courts to resolve all doubts in favor of remand would ring hollow if the mere possibility that a plaintiff could recover more than $75,000 from an appeal of a compulsory arbitration satisfied Defendants' burden.") (internal quotation marks and citation omitted); *Foster v. Home Depot, Inc.*, Civ. No. 05-1999, 2006 U.S. Dist. LEXIS 7250, at *8 (E.D. Pa. Feb. 24, 2006) ("Courts of this district have consistently held that cases subject to compulsory arbitration under Pennsylvania law may not be removed for lack of federal jurisdiction."); *D'Achino v. GNOC Corp.*, Civ. No. 05-4380, 2005 U.S. Dist. LEXIS 31123, at *6 (E.D. Pa. Dec. 5, 2005) ("Courts have found that the possibility that a plaintiff could recover more than $50,000 was too theoretical to demonstrate that the amount in controversy exceeded the jurisdictional limit.").

Accordingly, the mere existence of the possibility that Plaintiff could potentially seek a *de novo* jury award in excess of $50,000 - as she so indicates at Paragraph 8 of her Complaint - does not constitute evidence that Plaintiff's claim is worth *more* than the jurisdictional threshold of $75,000.

### 2.      Plaintiff's Refusal to Sign Stipulation Limiting Damages

Defendants further urge this Court to construe Plaintiff's failure to sign a stipulation limiting damages as proof that removal was proper. (Defs.' Opp'n Br. 5-6.) However, courts within this Circuit have refused to give conclusive effect to a plaintiff's refusal to so stipulate. *See Cardillo v. Wal-Mart Stores, Inc.,* Civ. No. 14-1586, 2014 U.S. Dist. LEXIS 162900, at *4 (W.D. Pa. November 21, 2014) (recognizing that "[c]ourts, including this one, have universally rejected the notion that a plaintiff's failure to stipulate that he is seeking damages below the jurisdictional amount is, on its own, enough to create federal jurisdiction"); *Ricketts v. Wal-Mart Stores East, LP*, Civ. No. 13-7585, 2014 U.S. Dist. LEXIS 75859, at *10-11 (E.D. Pa. June 3, 2014) (concluding that for purposes of assessing amount in controversy, "a plaintiff's refusal to enter into a stipulation is not determinative as to the value of damages."); *Martino v. Hartford Ins. Co.,* Civ. No. 14-1953, 2014 U.S. Dist. LEXIS 57066, at *8 (E.D. Pa. Apr. 23, 2014) (finding that "[t]he lack of stipulation does not undermine the limited damages apparent in Plaintiff's complaint."); *Lewis-Hatton v. Wal-Mart Stores East, LP,* Civ. No. 13-7619, 2014 U.S. Dist. LEXIS 15419, at *9 (E.D. Pa. Feb. 7, 2014) (recognizing that a defendant cannot sustain its burden of proof regarding amount in controversy by relying upon a plaintiff's refusal to sign a stipulation regarding same); *Scott v. Wal-Mart Stores, Inc.*, Civ. No. 13-6220, 2013 U.S. Dist. LEXIS 152817, at *2 (D.N.J. Oct. 23, 2013) ("As an initial matter, this Court notes that it has repeatedly held that a plaintiff's refusal to enter into a stipulation limiting its recovery is not sufficient to sustain an allegation of $75,000 in controversy."); *Martin v. Wal–Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D.N.J. 2010) ("One may not reasonably infer from Plaintiff's 'refusal' to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000."); *Fosbenner v. Wal-Mart Stores, Inc.*, Civ. No. 01-3358, 2001 U.S. Dist. LEXIS

16695, at *7 (E.D. Pa. Oct. 12, 2001) (rejecting Wal-Mart's argument that a plaintiff's failure to sign a stipulation limiting damages, coupled with their own subjective assessment of the value of the injuries complained of, was sufficient to sustain their burden); *TJS Brokerage & Co., Inc. v. CRST, Inc.*, 958 F.Supp. 220, 222 (E.D. Pa. 1997) (concluding that there is no requirement that a Plaintiff stipulate to the amount in controversy).

Although it is permissible for the court to consider evidence of such a refusal, it is not *per se* proof that a plaintiff's claims will exceed the jurisdictional threshold. *See Lee v. Wal–Mart, Inc.*, 237 F.Supp.2d 577, 580 (E.D. Pa. 2002) ("While a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction."). As was appropriately recognized . . .

> Defendants read too much into this unsigned stipulation. First, as best as this Court can tell, Plaintiffs' lawyer has not signed the stipulation prepared by opposing counsel, which is different from Plaintiffs refusing to agree to cap their damages. Lawyers tend to be cautious. It is therefore unsurprising that Plaintiffs' lawyer's first reaction to a stipulation limiting his clients' recovery was not to take out his pen and say, "where do I sign?" . . . But just as a complaint that limits damages to a figure below the jurisdictional threshold does not guarantee the case stays out of federal court, a lawyer's refusal to limit his clients' recovery by signing a stipulation should not end the inquiry. . . .

*Menard v. Hewlett Packard Co.*, Civ. No. 12-3570, 2012 U.S. Dist. LEXIS 100382, at *10-11 (E.D. Pa. July 19, 2012).

Therefore, a failure to sign a stipulation - though worthy of some consideration - is not dispositive of the issue, given that both defendants and plaintiffs typically seek to use it to a tactical advantage in removing cases. *Martin*, 709 F. Supp. 2d at 350 ("The Court will not make a finding of its subject-matter jurisdiction upon the mere whim of Plaintiff's counsel to resist signing a stipulation . . . [r]emoving defendants cannot avoid their burden of establishing this Court's subject-matter jurisdiction by expecting that jurisdiction will be assumed unless

disproven."). Thus, while Defendants assert that Plaintiff may not "toy with the federal courts for strategic or tactical reasons,"[4] said logic applies equally to a defendant who might seek to forum shop without meeting its burden.

In view of the foregoing, this Court now turns to its independent evaluation of Plaintiff's Complaint and Defendants' Removal Notice.

### 3. Reasonable Reading of Plaintiff's Complaint

As noted at the outset, Plaintiff's *ad damnum* clauses demand an amount "not in excess of $50,000." (Compl. ¶¶ 15, 22, 24.) Plaintiff concedes "the only injuries being claimed are soft tissue injuries including an arm and shoulder contusion and a neck strain and sprain." (Pl.'s Br. 6.) Putting aside the boilerplate language contained within her Complaint, this Court must consider the specific injuries claimed by Plaintiff: contusions to her arms and shoulders and a neck sprain. (Compl. ¶ 11); *see also Lewis-Hatton*, 2014 U.S. Dist. LEXIS 15419, at *11-13 (finding that where a defendant asserts removal based on boilerplate allegations in a plaintiff's complaint, without more, the court is "left to guess at whether the jurisdictional threshold has been met; therefore, Defendant has not carried its burden."); *Cardillo*, 2014 U.S. Dist. LEXIS 162900, at *1 (finding remand appropriate where despite a plaintiff's "boilerplate allegations as to his injuries and damages," the defendant failed to meet its burden).

To aid this Court in assessing the amount-in-controversy, Defendants have presented a "sampling of jury verdicts involving allegations of elevator doors striking a plaintiff" that exceed the jurisdictional threshold and propose that they be permitted to conduct limited jurisdictional discovery regarding the issue "if the court believes such information is necessary to determine the amount in controversy[.]" (Defs.' Opp'n Br. 10-11.) The court does not. Jurisdictional

---

[4] (Defs.' Opp'n Br. 6.)

discovery would not be pertinent to this Court's independent appraisal of the rights being litigated in this case and is therefore not warranted. *See Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. Pa. 1993) (where amount in controversy was at issue, appellate court found "the district court properly made an independent appraisal of the value of the claim").  Moreover, Defendant's presentation of various jury verdicts involving elevator injuries such as cervical disc herniation, disc protrusion, radiculopathy, nerve damage, post-traumatic stress disorder, and/or benign paroxysmal positional vertigo, are neither on point nor persuasive to this Court's assessment of the amount in controversy for the specific injuries presented here – namely, soft tissue.[5]  *See Chester v. May Dep't Store Co.*, Civ. No. 98-5824, 1999 U.S. Dist. LEXIS 733, at *4 (E.D. Pa. Jan. 28, 1999) ("What is pertinent is the value of what is claimed or at stake and not a defendant's assessment . . . which necessarily reflects considerations regarding liability.") Instead, this Court finds Plaintiff's assertion that her neck sprain and arm/shoulder contusions (notably less serious injuries than those referenced above) are "not in excess of $50,000" to be a realistic assessment of what this case could potentially be worth  - notwithstanding the fact that she has the right to appeal an arbitration decision for more at the state court level.  *See Samuel-Bassett*, 357 F.3d at 403 ("[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, "pie-in-the-sky," or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated."); *see also Cardillo*, 2014 U.S. Dist. LEXIS 162900, at *5 ("Defendant's mere belief as to whether the amount in controversy is in excess of $75,000 is not sufficient to sustain its burden of establishing that subject-matter jurisdiction exists. The amount in controversy may well exceed

---

[5]  This Court further notes that the sample verdicts provided by Defendants are all six-figure verdicts, two out of three of which are from Missouri and Utah.  Additionally, the physical injuries complained of in those cases were not simply soft tissue injuries, as in this case.

$75,000, as Plaintiff is alleging a litany of boilerplate damages and apparently suffered fairly serious injuries. But Defendant has not established a sufficient basis to permit [the court] to make that determination by a preponderance of the evidence.").

### IV.     **CONCLUSION**

As noted herein, the Third Circuit has cautioned that removal statutes are to be strictly construed against removal, and that all doubts should be resolved in favor of remand. *See Brown*, 75 F.3d at 865. With this directive in mind, Plaintiff's Motion for Remand shall be granted, as Defendants have not shown by a preponderance of evidence that the amount in controversy exceeds $75,000.

An appropriate Order follows.

                                                            BY THE COURT:


                                                            /s/  C. Darnell Jones, II      J.